IN THE MATTER OF THE BRICKS (NC) COMMUNITY FEDERAL CREDIT UNION CHARTER # 01540, Plaintiff,

v.

NATIONAL CREDIT UNION ADMINISTRATION, Defendant.

No. 4:99–CV–18–H–3.

United States District Court, E.D. North Carolina, Eastern Division.

March 16, 1999.

Teresa L. Smallwood Windsor, NC, for Bricks (NC) Community Federal Credit Union Charter # 01540, Involuntary Liquidation and Merger, plaintiff.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on the motion by National Credit Union ("NCUA") to dismiss this action. The court conducted a "show cause" hearing on February 25, 1999, in which the NCUA was required to show cause why Bricks Community Federal Credit Union ("Bricks") should be liquidated. After reviewing the documents of record and considering to the testimony of Alonzo Swann, regional director of NCUA, Terry Babb, principal North Carolina examiner for NCUA, Carol Aranjo, chief executive officer of a Massachusetts credit union and chairperson of the National Federation of Community Development Credit Unions, and Victor Marrow, manager of Bricks, the court has determined that NCUA should prevail on its motion to dismiss Bricks' action as NCUA has successfully demonstrated that it ordered Bricks' involuntary liquidation because of the credit union's insolvency.

1. The term "Board" is defined in 12 U.S.C. § 1752(4) as "the National Credit Union Ad-

## STANDARD OF REVIEW

The court conducted a show cause hearing pursuant to the provisions of 12 U.S.C. § 1787(a)(1)(B), which provides that a credit union closed for liquidation may apply to the court for an order "requiring the Board [1] to show cause why it should not be prohibited from continuing such liquidation...." and that "no court may take any action for or toward the removal of any liquidating agent or, except at the instance of the Board, restrain or affect the exercise of powers or functions of a liquidating agent." 12 U.S.C. § 1787(a)(1)(B). Although, as the government concedes, the statute's description of the scope of judicial review of the NCUA's decision to liquidate a credit union is unclear, the legislative history behind the statute indicates that the only issue for review by the district court is whether the credit union was statutorily insolvent. The Senate Banking Committee explained in its report:

The "Liquidation Proceedings" provision clarifies the Board's authority to act ex parte without notice in situations when the credit union is determined to be insolvent or bankrupt. The credit union has the ability to challenge the action within 10 days at a hearing in district court. At such a hearing the NCUA must establish that the statutory grounds for liquidation (e.g., bankruptcy or insolvency) were present when it acted.

S.Rep. No. 100–19, at p. 25, 1987 U.S.Code Cong. & Ad.News at p. 489.

Section 1766(b)(1) of Title 12 of the United States Code provides that "[t]he Board may suspend or revoke the charter of any Federal credit union, or place the same in involuntary liquidation and appoint a liquidating agent therefor, upon its finding that the organization is bankrupt or insolvent, or has violated any of the provisions of its charter, its bylaws, this

ministration Board."

chapter, or any regulations issued thereunder."

■ Though the parties have presented no authority directly on point, this court is convinced that the proper standard of review for the NCUA's decision is embodied in the Administrative Procedure Act's ("APA") arbitrary or capricious standard. *See, e.g., Gibraltar Savings v. Ryan,* 772 F.Supp. 1290, 1292 (D.D.C.1991) (reviewing the appointment of a receiver for savings and loan associations under the APA standards). Moreover, the court finds that the sole question before it in this action is whether the NCUA properly found that Bricks was insolvent when it ordered the credit union's liquidation. *See, e.g., Biscayne Federal Savings & Loan Assoc. v. Federal Home Loan Bank Board,* 720 F.2d 1499, 1503 (11th Cir.1983) ("When one of the stated grounds relied upon by the Board is statutory insolvency, as is the case here, the issue for the courts should be a straightforward one: whether the association in question was statutorily insolvent at the time of the [agency's] appointment."); *Gibraltar,* 772 F.Supp. at 1295–96 ("The statute authorizes the appointment of a receiver when certain grounds exist. Thus, the issue in this case is whether or not the statutory grounds existed."). Therefore, if the NCUA's finding of Bricks' insolvency was not arbitrary and capricious, then this court must uphold the liquidation.

■ Even Bricks admits in its application requesting a hearing before this court that the credit union was insolvent at the time it was liquidated. (See Pl.'s Application ¶ 10.) Instead of challenging the NCUA's finding of insolvency, Bricks challenges the efforts or lack thereof on the part of NCUA to save Bricks from insolvency. These collateral issues fall outside the scope of this court's review of NCUA's statutorily-authorized decision to liquidate Bricks.

Section 1787(a)(1)(A) of Title 12 of the United States Code requires the NCUA to place a credit union into liquidation if the agency finds the institution insolvent:

Upon its finding that a federal credit union insured under this title is bankrupt or insolvent, the Board *shall close* such credit union for liquidation and appoint itself liquidating agent therefor.

12 U.S.C. § 1787(a)(1)(A) (emphasis added).

NCUA regulations set forth the specific criteria for determining when a credit union is insolvent. *See* 12 C.F.R. § 700.1(j). To find a credit union insolvent, the NCUA must first make an accounting determination that the recorded value of the credit union's assets less the sum of liabilities due and payable is an amount less than the value of its shares. *See id.* Once the NCUA determines that a credit union's shares exceed the cash value of its assets less liabilities, the credit union is insolvent under the regulatory definition, and must be closed pursuant to § 1787(a)(1)(A), unless the NCUA finds all four of the following factors: (1) the problems causing the insolvency no longer exist; (2) the likelihood of further insolvency is not probable; (3) the credit union will likely become solvent again in a reasonable amount of time; and (4) the likelihood of loss to the credit union insurance fund is small. *See* 12 C.F.R. § 700.1(j).

## CONCLUSION

■ NCUA Regional Director Swann determined that Bricks' solvency ratio was a low 66.7% and that Bricks had "serious and long-standing management and operational problems" that could not be eliminated in a reasonable time. (NCUA's Regional Summ., attached as Ex. A1 to Def.'s Resp. to Pl.'s Mot. for Show Cause Hearing.) Swann concluded that resources were not available to save Bricks and that Bricks' insolvence represented an undue risk to the insurance fund. *See id.*

Accordingly, the court finds that Bricks' admitted insolvency and long-term financial woes justified the NCUA's decision to involuntarily liquidate the credit union. Given the statutorily authorized ground for liquidation, the court finds that NCUA's

decision was not arbitrary and capricious or otherwise contrary to law. Therefore, the court GRANTS defendant's motion to DISMISS this action. The clerk is directed to close this case.